NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Juan M. Perez,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>United States of America,<br><br>　　　　Defendant. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No. 06-CV-1508 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by the United States of America ("Defendant") to dismiss the Complaint of Juan Perez ("Plaintiff") pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.  No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure.  After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendant's motion to dismiss is **granted**.

### BACKGROUND

Plaintiff alleges that on or about May 12, 2005, at approximately 9:00 a.m., he was driving to work on the northbound side of the New Jersey Turnpike.  Secret Service officers stopped Plaintiff at an exit for Teaneck, New Jersey pursuant to an outstanding arrest warrant.  After placing Plaintiff under arrest, the Secret Service transported him back to his residence in Elizabeth, New Jersey.  A Secret Service officer drove Perez's vehicle back to Plaintiff's apartment.

Plaintiff alleges that Secret Service officers searched his vehicle and seized a bag containing several items.  More specifically, Perez alleges that prior to the vehicle search he had a backpack containing, among other items, four prescription eyeglasses.  Perez alleges that he contacted the Secret Service several times through counsel in order to request the return of his eyeglasses.  Plaintiff then filed an administrative claim with the Secret Service, but the eyeglasses were never returned.

In answering Plaintiff's Complaint, the United States admits that Special Agents of the Secret Service arrested Perez on May 12, 2005, and that certain items of evidentiary value to a criminal investigation were seized from Perez's vehicle and inventoried.  The United States, however, denies that the Secret Service seized any prescription eyeglasses.  On November 15, 2005, the Secret Service sent Plaintiff a letter informing Perez that his administrative claim was denied because the Secret Service did not seize the claimed items.

Plaintiff filed a Complaint alleging that Defendant violated the Federal Tort Claim Act ("FTCA") with this Court on September 21, 2006.  The United States now moves this Court to dismiss Perez's Complaint for lack of subject matter jurisdiction.

ANALYSIS

*Sovereign Immunity*

It is axiomatic that the United States, "as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  United States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Absent a specific waiver of sovereign immunity the courts lack subject matter jurisdiction over claims against the federal government.  See e.g., In re Med. Ctr., 973 F.2d 1065, 1085 (3d Cir. 1992).

The FTCA waives the federal government's sovereign immunity for certain tort claims

provided a plaintiff's claim is timely filed and that the plaintiff properly follows the tort claims

procedures.  See 28 U.S.C. §§ 1346(b), 2671 et seq.  The FTCA has exceptions to its waiver of

sovereign immunity, however, as set forth in 28 U.S.C. § 2680(a)-(n).  Should one of the

exceptions apply, then the bar of sovereign immunity remains.  Dolan v. United States, 546 U.S.

481 (2006).

Thus, prior to proceeding on a FTCA claim, 28 U.S.C. § 2680 must be examined to

determine whether there is an applicable exception to the government's waiver of sovereign

immunity.  Claims that fall outside of the FTCA's limited waiver of sovereign immunity must be

dismissed for lack of subject matter jurisdiction.  United States v. Orleans, 425 U.S. 807, 814

(1976).  The applicable exception in this case is § 2680(c).  Section 2680(c) excepts from the

government's waiver of sovereign immunity:

> Any claim arising in respect of the assessment or collection of any
> tax or customs duty, or the detention of any goods, merchandise, or
> other property by any law enforcement officer, except that the
> provisions of this chapter and section 1346(b) of this title apply to
> any claim based on injury or loss of gods, merchandise, or other
> property, while in possession of any officer of customs or excise or
> any other law enforcement officer, if –
>
> (1) the property was seized for the purpose of forfeiture under any
> provision of Federal law providing for the forfeiture of property
> other than as a sentence imposed upon conviction of a criminal
> offense,
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the
> property was subject to forfeiture); and

>    (4) the claimant was not convicted of a crime for which the interest
>    of the claimant in the property was subject to forfeiture under a
>    Federal criminal law.

28 U.S.C. § 2680(c).

As initially enacted by Congress in 1946, § 2680(c) excepted from the government's

waiver of sovereign immunity:  "Any claim arising in respect of the assessment or collection of

any tax or customs duty, or the detention of any goods or merchandise by any officer of customs

or excise or any other law-enforcement officer."  28 U.S.C. § 2680(c).  The language of the

exception generated controversy over what kinds of damage was covered, but it is now clear that

§ 2680(c) bars all claims for any damages caused when goods are detained.  Kosak v. United

States, 465 U.S. 848, 854 (1984) (construing § 2680(c) to apply to any claim "arising out of" the

detention of goods, including damage claims resulting from negligent handling or storage of

detained property).  Another interpretative issue that was presented by § 2680(c) was what other

"law enforcement officers were covered by the exception.  The Supreme Court left that question

open in Kosak.  See id. at 852 n.6.

The majority of the Courts of Appeals have broadly interpreted the phrase:  "any law

enforcement officer" in § 2680(c) to apply to detention by all law enforcement officers, which

would include the Secret Service agents in this case.[1]  There are courts, however, that adhere to

the minority view that the term "any other law enforcement officer" in § 2680(c) must be read

---

[1]See Ali v. Federal Bureau of Prisons, No. 06-11468, 2006 WL 2990216 (11th Cir. Oct. 19, 2006); Chapa v. U.S. Dept. of Justice, 339 F.3d 388, 390 (5th Cir. 2003); Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 807 (9th Cir. 2003); Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002); Cheney v. United States, 972 F.2d 247, 248 (8th Cir. 1992); Ysas v. Rivkind, 856 F.2d 1520, 1524 (Fed.Cir. 1988).

narrowly to include only those law enforcement officers acting in an excise or customs capacity.[2]

Plaintiff argues that this Court should apply the narrow reading of "any other law enforcement officer" which limits the exception to those officers acting under authority of tax or customs laws.  In other words, the Secret Service, whom Plaintiff claims seized, lost, damaged or destroyed his eyeglasses are not eligible for statutory indemnification because they are not tax or customs officers.  Plaintiff cites to  cases which support his argument from the minority reading of the exception in 28 U.S.C. § 2680(c).

Whether the "any other law enforcement officer" includes the Secret Service is the issue that will decide whether this Court lacks subject matter jurisdiction as Defendant suggests.  This issue has been addressed by the Third Circuit only in dicta, but the court's decisions favor the majority view.  See United States v. Bein, 214 F.3d 408, 416 (3d Cir. 2000) (noting that an action against FBI officers and local police officers deputized as U.S. Marshals "might have been barred" by § 2680(c), had the suit been brought under the FTCA); Schrob v. Catterson, 948 F.2d 1402, 1420 n. 16 (3d Cir. 1991) (citing § 2680(c) to "note that the [FTCA] specifically exempts the United States government from liability for the detention of property by its employees," thereby finding that § 2680(c) applies to all federal law enforcement officers including DEA Agents).

The prevailing view amongst the lower federal courts within the Third Circuit is to interpret the phrase "any other law enforcement officer" in § 2680(c) broadly.  See Smith v.

---

[2]See Andrews v. United States, 441 F.3d 220 (4th Cir. 2006); Orloff v. United States, 335 F.3d 652 (7th Cir. 2003); Bazuaye v. United States, 83 F.3d 482 (D.C. Cir. 1996); Kurinsky v. United States, 33 F.3d 594, 596-97 (6th Cir. 1994).

United States, No. Civ. 03-0932(RBK), 2006 WL 231663 (D.N.J. Jan. 30, 2006) (granting the

government's motion to dismiss an inmate's FTCA claim under § 2680(c)); United v. Chambers,

92 F.Supp. 2d396, 401-02 (D.N.J. 2000) (discussing the split of authorities and finding that an

individual whose property was seized by DEA agents at the time of his arrest had no remedy

under the FTCA); Gibson v. Sadowski, No. 04-242, 2006 WL 3308442 (W.D. Pa. Oct. 17, 2006)

(reconsidering an earlier decision and holding that the United States was immune from suit under

§ 2680(c)); Munoz v. Att'y for the U.S. Executive Office, No. 4:03-CV-03-2292, 2006 WL

2246413 (M.D. Pa. Aug. 4, 2006) (the United States retained its sovereign immunity with regard

to the plaintiff's FTCA claims).

In keeping with the decisions issued by the lower Federal Courts of the Third Circuit, this

Court declines to interpret language that is clear.  "Any law enforcement officer" means any law

enforcement officer.  28 U.S.C. § 2680(c).  Accordingly, Defendant United States of America is

protected by the exception found in the FTCA.  Sovereign immunity, therefore, applies to the

Defendant's Secret Service agents.  Defendant's motion to dismiss is **granted**.  An appropriate

Order accompanies this Opinion.


                                                      S/ Dennis M. Cavanaugh
                                                      Dennis M. Cavanaugh, U.S.D.J.


Date:          May   21  , 2007
Orig:          Clerk
cc:            The Honorable Mark Falk, U.S.M.J.
               File